IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,527-03






EX PARTE QUILLA MARSH MOORE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 6290-A IN THE 39TH JUDICIAL DISTRICT COURT


FROM HASKELL COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to twenty years' imprisonment. The Eleventh Court of Appeals
affirmed his conviction. Moore v. State, No. 11-08-00219-CR (Tex. App. - Eastland, May 20, 2010,
pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to challenge the search, seizure and arrest, failed to move for disclosure of the identity
of a confidential informant, failed to subpoena witnesses who were in the room where the drugs were
found, and failed to strike a juror who had known Applicant all his life. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain an affidavit from Applicant's trial counsel responding to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with all relevant trial documents,
including the indictment, the judgment, the trial docket, copies of any search and arrest warrants, and 
a transcript of the voir dire, pre-trial and trial proceedings. The trial court shall then make findings
of fact as to whether the performance of Applicant's trial attorney was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: November 9, 2011

Do not publish